# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JANIX, INC., et al., | Case No. 2:11-cv-01502-LDG-PAL |
| Plaintiffs, | **ORDER** |
| vs. | |
| MARK WRHEL, et al., | |
| Defendants. | |

The court conducted a status and dispute resolution hearing on April 3, 2012. Nathaniel Sosa appeared on behalf of the Plaintiffs. Amy Friedlander and Christopher Clark appeared on behalf of Defendant Sergio Hale, and Sied Nazif appeared on behalf of Mark Wrhel.

Counsel for Plaintiffs produced approximately 5000 pages of credit card statements and bank statements on Thursday, March 29, 2012. Counsel for Defendant Hale believes Plaintiff should have some additional documents, for example, credit card statements for Sam's Club purchases and property tax bills for five properties involved in this case which have not yet been produced. Counsel for Hale also requested that the Plaintiffs serve a supplemental response to the three requests for production of documents at issue in the motion to compel certifying, as the court required, that the supplemental production represents accurate and complete responses to the best of the Plaintiff's ability after a diligent search. Mr. Sosa indicated he intended to serve a supplemental response shortly. Counsel for Hale also indicated he believed the Plaintiffs' privilege log was inadequate and inappropriately claimed privilege for documents generated after the complaint in this case was filed. The court directed the parties to meet and confer to discuss these remaining issues and will continue this for a further status and dispute resolution conference if the parties are unable to resolve their disputes.

Counsel for Plaintiffs indicated that he received supplemental responses to requests for production from Defendant Wrhel, but still believes the responses are inadequate. Specifically, several

of the supplemental responses to requests for production stated only that Wrhel "will produce" responsive documents without indicating when. Counsel for Wrhel indicated that he intended to serve all responsive documents in his client's care, custody or control within the next two days. The court indicated that any disputes concerning the adequacy of Wrhel's supplemental responses would also be addressed at a continued status and dispute resolution conference.

**IT IS ORDERED** that:

1. A status and dispute resolution conference is set for **April 24, 2012, at 11:30 a.m.**

2. Counsel shall have until Friday, **April 20, 2012**, in which to file a joint status report identifying any remaining discovery disputes the parties have. The joint status report shall state the parties' respective positions concerning any disputes with sufficient specificity to enable the court to decide the dispute without further formal briefing. The joint status report shall also outline the efforts counsel made to meet and confer to resolve the disputes without court intervention, and attach the disputed discovery responses to the report.

3. At the April 24, 2012, status hearing, the court will also enter a case management order to complete this case and get it ready for trial. Counsel shall meet and confer and submit a proposed schedule for completion of all remaining discovery as well as a deadline for filing dispositive motions and the joint pretrial order. If the parties are unable to agree, the joint status report shall provide the parties competing proposals.

4. Defendant Wrhel shall have until April 9, 2012, to file a response, if any, to Plaintiff Janix's Memorandum of Attorney's Fees in Support of Motion to Compel Discovery Responses (Dkt. #58). Failure to file a timely response will result in granting the request for attorney's fees and costs as outlined in the memorandum.

Dated this 3rd day of April, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE