**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JANIX, INC., et al.,

    Plaintiffs,

vs.

MARK WRHEL, et al.,

    Defendants.

Case No. 2:11-cv-01502-LDG-PAL

**ORDER**

(Mot for Relief - Dkt. #60)

Before the court is Motion of Defendant Mark Wrhel for Relief Pursuant to Federal Rule of Civil Procedure 36(b) (Dkt. #60) filed April 2, 2012. The court has considered the motion, Plaintiffs' Opposition (Dkt. #65), and the arguments of counsel at the status and dispute conferences conducted April 3, 2012, and April 24, 2012.

**BACKGROUND**

Defendant Wrhel seeks an order allowing his deemed admissions to be withdrawn and replaced with responses to Janix's requests for admissions that were served March 14, 2012. Wrhel's current counsel was retained in December 2011, and granted leave to substitute in as counsel of record in place of the Bach Law Firm January 25, 2012. The Bach Law Firm placed a retaining lien on Mr. Wrhel's file, and new counsel of record, Mr Nazif, has still not received the client's file. Current counsel for Wrhel represents that he was unaware that Plaintiffs had served his client with discovery, including requests for admission, until January 18, 2012, the day after the discovery responses were due.

According to counsel for Wrhel, the day after Mr. Wrhel's responses to Janix's requests for admission were due, former counsel, the Bach Law Firm, requested an extension to respond from Plaintiffs' counsel which was summarily refused. The same day, current counsel requested an extension explaining that they had not received the file, had not received any documents referred to in

the requests for admission, and needed time to get up to speed to adequately respond.  Plaintiffs' counsel did not respond to the e-mail, and current counsel called Janix's counsel several times, but was unable to make contact.  On January 25, 2012, current counsel requested an opportunity to meet and confer with Plaintiffs' counsel in an e-mail.  Counsel for Plaintiffs finally responded that an extension would not be granted, and that Janix's requests for admission would be deemed admitted.  On March 14, 2012, counsel for Wrhel served Janix with responses to the requests for admission.

Plaintiffs oppose the motion arguing that counsel for Wrhel has been dilatory in discovery, and failed to respond to a proposed stipulated protective order governing confidentiality of sensitive documents exchanged in discovery.  A draft proposed protective order was circulated by Plaintiffs' counsel December 5, 2011, and signed by counsel for Hale several days later.  However, counsel for Wrhel failed to approve the protective order for six weeks.  Wrhel's failure to execute the stipulated protective order delayed production of Plaintiffs' discovery documents.

On December 15, 2011, counsel for Plaintiffs served counsel for Wrhel with written discovery requests including requests for admission.  The discovery was served on California counsel, Art Corona, as well as hand delivered to local counsel, Jason J. Bach.  The responses were due January 17, 2012, but were not received.

On January 18, 2012, a lawyer with the Bach Law Firm left a message requesting an extension asserting he had lost contact with Wrhel.  Counsel from the Bach Law Firm also indicated his law firm would be moving to withdraw from the case and that a discovery extension would help to facilitate that departure.  Shortly thereafter, current counsel communicated with counsel for Plaintiffs reiterating a request for an extension.  The e-mail from current counsel for Wrhel contained a signed copy of the stipulated protective order.  On February 1, 2012, counsel for Plaintiffs sent counsel for Wrhel an e-mail reiterating that no extension had been granted, refuting excuses for Wrhel's failure to serve discovery responses, and indicating that because discovery responses had still not been received, a motion to compel would be filed.  Counsel for Plaintiffs agreed to withhold filing a motion to compel if discovery responses were received by February 3, 2012.  Responses were not received and the motion was filed.  Under these circumstances, Plaintiff urges the court to deny the motion.

/ / /

**DISCUSSION**

Rule 36(a) provides that a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon a party requesting the admission a written answer or objection addressed to the matter signed by the party or the party's attorney." Fed.R.Civ.P. 36(a). Once admitted, the matter is conclusively established unless the court permits withdrawal or amendment of the admission under Rule 36(b).

Fed. R. Civ. P. 36(b) gives the court discretion to permit the withdrawal or amendment of an admission. There are two requirements which must be met before the court will permit an admission to be withdrawn or amended: (1) the presentation of the merits of the action must be subserved; and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Id*. at 1348. Rule 36(b) is permissive rather than mandatory. *Asea, Inc., v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981). The Ninth Circuit has instructed the district courts to be "cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). However, because of the binding effect of requests for admissions on parties, the provision for withdrawal or amendment under Fed. R. Civ. P. 36(b) provides parties with a potential safe harbor. *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). The first requirement "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348.

The second requirement under Rule 36(b) examines whether the party relying on the deemed admissions will be prejudiced by the withdrawal. "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. In *Conlon*, the Ninth Circuit held that,

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted.

*Id*. (*quoting Hadley*, 45 F.3d 1348). Inconvenience to the party relying upon an admission does not rise to the level of prejudice that justifies denial of a motion to withdraw. *Conlon* at 623.

The Ninth Circuit has held that "[w]hen undertaking a prejudice inquiry under Rule 36(b), the district courts should focus on the prejudice that the non-moving party would suffer at trial." *Id*. Thus,

even reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice under Rule 36(b). Similarly, a party who relies on deemed admissions in choosing not to engage in other discovery cannot, without a further showing, establish prejudice under Rule 36(b). *Id*. This is because the district court has discretion to reopen the discovery if needed and because prejudice under Rule 36(b) "must relate to the difficulty a party may face in proving its case at trial." *Id*.

As an initial matter, the court notes that Mr. Nazif is a lawyer in the same California law firm as Mr. Corona. Both Mr. Corona and Mr. Nazif filed applications to appear pro hac vice and their applications were both approved by the district judge December 9, 2011 (Dkt. ##32, 33). Counsel were admitted to practice in this case before the Bach firm was allowed to withdraw, and before these requests were served. Additionally, California counsel's representation that they were not aware written discovery requests, including these requests for admissions, had been served until the day after the responses were due is belied by the certificate of service attached to the requests which indicates they were served on Art Corona by mail December 15, 2011.

Wrhel's untimely responses to Plaintiffs' requests for admission are attached as Exhibit "O" to Plaintiffs' opposition to this motion. Wrhel admitted Request for Admission Nos. 1, 2, 4 through 8, and 12 through14. Responses to Request for Admission Nos. 5 and 8 were admitted without any qualification. The remaining requests were admitted with objections and qualifications. Wrhel objected to Request for Admission Nos. 6, and 9 through 14, that the requests were "vague and ambiguous" with respect to words or phrases used in the requests. The court finds these objections are not well taken. These requests were admitted "subject to and without waiving" these objections.

Wrhel denied Request for Admission Nos. 3, 9, 10 and 13. Request for Admission No. 3 asked Wrhel to "[a]dmit that you had an opportunity to review the Sales Agreement prior to signing it on or about February 1, 2004." Wrhel objected to the characterization of the document as a Sales Agreement and on the grounds it was "vague and ambiguous" with respect to the phrase "opportunity to review" and denied the request. Request for Admission No. 9 asked Wrhel to "[a]dmit that you had an opportunity to review the Ownership Agreement before signing it on or about May 18, 2010." Wrhel again objected that the phrase "opportunity to review" was vague and ambiguous, but denied it without waiving his objection. The court finds the objection that the phrase "opportunity to review" is vague

and ambiguous is also not well taken.  Wrhel's counterclaim uses the exact phrase.

Request for Admission No. 10 asked Wrhel to "[a]dmit that customer payments were, per your instructions, sent to P.O. Box 37, Payson, UT 84651."  After first objecting that the phrase "per your instruction" is vague and ambiguous, Wrhel responded "[d]enied to the extent that these instructions were placed on the website and Mr. Wrhel did not place those instructions on the website."  Request for Admission No. 11 asked Wrhel to "[a]dmit that merchant payments were, per your instructions, sent to P.O. Box 37, Payson UT 84651."  Wrhel again objected that the phrase "per your instructions" was vague and ambiguous, but without waiving this objection denied he request "[t]o the extent that these instructions were placed on the website and Mr. Wrhel did not place these instructions on the website."  Neither Request for Admission Nos. 10 nor 11 inquire about instructions on a website.  Both requests could have been better worded.  However, it is clear that each request asked whether Wrhel instructed customer payments and merchants payments, respectively, to be sent to the specified P.O. Box.

Wrhel's motion for relief focuses on Plaintiffs' inability to show prejudice.  Wrhel also argues the court should grant the motion because it would ensure this action is decided on the merits.  Wrhel claims that denying the motion would grant Janix an unfair advantage because "many of the Requests for Admission at issue ask him to admit issues that directly contradict statements Mr. Wrhel *and co-Defendant Mr. Tosado* have made in affidavits submitted in this case."  Motion 4:17-18 (emphasis in original).  Mr. Tosado is a Plaintiff and the reference to co-Defendant Tosado must be an error.  The motion refers to (Dkt. #19-2), co-Defendant Hale's affidavit opposing Plaintiffs' motion for preliminary injunction.  Wrhel refers to portions of Hale's affidavit which aver that Tosado assured Hale that he did not have to read the Ownership Agreement and that everything that had been discussed was in the agreement.  Hale attests that he relied on Tosado's assurances and signed the agreement.  He also attests that he assisted Tosado in a ruse to get Wrhel to sign the agreement.

Wrhel also states that allowing the admissions to stand would directly contradict the statements made in his own affidavit supporting his opposition to Plaintiffs' motion for preliminary injunction (Dkt. #21-2).  Paragraph 14 of the affidavit states, in summary, that on May 18, 2010, Tosado informed Wrhel that the ownership agreement was ready to be signed.  When Wrhel arrived at Tosado's office to sign the agreement Tosado assured Wrhel that he did not have to read the agreement and that everything

that the parties had discussed was in the agreement.  Wrhel avers that he relied upon Tosado's assurances and signed the agreement, asked for a copy of the agreement, but Tosado refused to provide one.  Finally, Wrhel argues that Plaintiff's refusal to extend the time for serving responses is "an improper attempt to gain a tactical advantage to the detriment of insuring that this action would be decided on the merits."

Having reviewed and considered the matter, the court finds that Wrhel has not met his burden of establishing the first prong of the Ninth Circuit's two-prong test.  Plaintiffs' complaint alleges that Defendants Wrhel and Hale illegally and improperly diverted large sums of money from Janix to themselves, destroyed evidence of these monetary diversions, and illegally retained the intellectual property of Janix in defiance of court orders issued in Utah and Nevada.

Wrhel's counterclaim asserts that Tosado, Wrhel and Hale formed a partnership on or about 2004, and that over a period of years Tosado took ownership of the partnership assets "to the exclusion of the informed consent or interests of Wrhel and Hale."  The counterclaim alleges that in 2009 Tosado insisted that the partners sign a preliminary contract providing Janix with significant ownership of partnership assets.  In 2010, Tosado prepared an agreement for Hale and Wrhel to sign.  The counterclaim asserts that Wrhel and Hale signed the contract under duress without having the opportunity to review it.  It alleges that the new contract was inequitable and that the entities run by Tosado engaged in wrongful conduct against Wrhel in numerous respects, e.g. failing to issue stock, failing to pay Wrhel for services, failing to pay taxes, failing to distribute corporate profits, refusing access to corporate and financial records, usurping business opportunities of the partners, violating Wrhel's rights as a minority owner, wrongfully terminating Wrhel, and wrongfully claiming Wrhel had forfeited his ownership interest in the companies.

After reviewing the allegations of the Plaintiffs' complaint and Wrhel's counterclaim, the court finds that allowing these admissions to stand will not practically eliminate any presentation of the merits of the Plaintiffs' claims or the Defendants counterclaims.  Accordingly, the court finds that Wrhel has not met the first prong of the Ninth Circuit's two-prong test and will deny the motion without addressing the second prong of the test.

/ / /

1 | **IT IS ORDERED** that Wrhel's Motion for Relief Pursuant to Federal Rule of Civil Procedure 36(b) (Dkt. #60) is **DENIED**.

Dated this 8th day of May, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE