1
2
3
4
5                      **UNITED STATES DISTRICT COURT**

6                           **DISTRICT OF NEVADA**

7   JANIX, INC., et al.,                    )
                                            )          Case No. 2:11-cv-01502-LDG-PAL
8                          Plaintiffs,      )
                                            )                    **ORDER**
9   vs.                                     )
                                            )
10  MARK WRHEL, et al.,                     )
                                            )
11                         Defendants.      )
    _____)
12

13          The court conducted a status conference on April 24, 2012, regarding the parties' Joint Status

14  Report (Dkt. #67), filed April 20, 2012, which identified the remaining discovery disputes which

15  require the court's intervention, and requested an extension of the discovery plan and scheduling order

16  deadlines.  This order resolves the parties' disputes concerning the propriety of Plaintiffs' privilege log,

17  the sufficiency of Plaintiffs' supplemental discovery responses, and Plaintiffs' request for attorneys fees

18  and costs in connection with a motion to compel discovery from Defendant Wrhel.  A separate order

19  resolved Defendant Wrhel's motion for relief pursuant to Rule 36(b).

20          **I.      Plaintiffs' Privilege Log.**

21          Plaintiffs were ordered to supplement their responses to Hale's Requests for Production Nos. 1

22  through 3, and to produce a privileged document log for any documents withheld on the basis of

23  privilege.  A privileged document log was served March 29, 2012.  Plaintiffs have identified as

24  privileged financial records created or received after the complaint was filed in September 2001.  Hale

25  asks that the court compel Plaintiffs to produce financial records created or received after September

26  2011, subject to the protective order that is already in place.  Hale notes that the court previously

27  granted his motion to compel and required Plaintiffs to produce financial documents for the period of

28  January 1, 2004, to the present.

Plaintiffs oppose the motion arguing the Plaintiffs have disclosed in excess of 7,000 pages of banking records, credit card statements, general ledgers, tax returns and other documents for the period between 2004, and August 2011.  Plaintiffs identified financial records generated from 2011, to the present on a privileged document log and argue that Nevada courts have recognized the need to protect a company's proprietary information.  Plaintiffs argue that Defendant Wrhel's intimate knowledge of Plaintiffs' business and financial records allowed him to divert customer and vendor payments to himself and co-Defendant Hale.  Under these circumstances, Plaintiffs should be permitted to protect their proprietary and trade secret information as reflected in its financial dealings.  Plaintiffs contend that post-termination financial records pose a threat to the companies and that the Defendants were terminated for stealing money from the Plaintiffs.  Additionally, Plaintiffs argue that Hale already has the documents necessary to determine the merits of his counterclaim for acts of corporate and personal malfeasance because Plaintiffs' have provided thousands of pages of records detailing all financial transactions that took place while Hale was affiliated with the Plaintiffs.  Finally, Plaintiffs argue Hale's firing makes any post-termination financial documentation irrelevant because after his termination, his interest in the Plaintiff company was terminated.  Consistent with its position in opposing the motion to compel, counsel for Plaintiffs argue financial transactions of the companies after the Defendants were terminated are not relevant unless the Defendants can establish they still have a minority ownership interest in the companies.  If the court disagrees, counsel for Plaintiffs request that the court require the parties to submit a supplemental protective order that permits documents containing confidential, proprietary and/or trade information to be marked "Highly Confidential: Attorney's Eyes Only."

At the hearing conducted February 14, 2011, the court compelled Plaintiff to produce documents responsive to three requests for productions at issue in Hale's motion to compel for the period between January 1, 2004, to the present, finding the requests over broad in requesting "any and all" documents and denying Hale's request for sanctions.  Consistent with the court's prior ruling, the court will require Plaintiffs to produce documents generated on or after September 2011, responsive to these requests.  However, the court will grant Plaintiffs' request to designate sensitive, proprietary or trade secret documents as "Highly Confidential: Attorney's Eyes Only."  Defense counsel may allow experts and consultants to review documents designated for "attorney's eyes only" subject to the protective order in place, as modified by this order.

2

1        **II.      Plaintiffs' Memorandum of Fees (Dkt. #58).**

2        Plaintiff seeks attorney's fees for the necessity of filing a motion to compel Wrhel to provide

3   discovery responses, deem requests for admissions admitted, and deem interrogatory objections waived.

4        At a hearing conducted March 20, 2012, the court granted in part and denied in part Plaintiffs'

5   Motion to Compel (Dkt. #50) and directed Plaintiffs to file a memorandum of costs and fees.  The court

6   has now considered Plaintiffs' Memorandum (Dkt. #58), Wrhel's Opposition (Dkt. #63), and Plaintiffs'

7   Reply (Dkt. #66).  The memorandum, which is supported by the affidavit of Attorney Nathan Sosa,

8   requests attorney's fees in the amount of $1,347.50, at the rate of $275/hr.  Wrhel opposes the request

9   arguing that local counsel for Wrhel, the Bach Law Firm, withdrew and placed a retaining lien on Mr.

10  Wrhel's file.  As a result, new counsel has still not received the file for their client and was unaware

11  that Plaintiff had propounded discovery on their clients until January 18, 2012, the day after the

12  discovery responses were due.  New local counsel for Wrhel requested an extension after discovering

13  the responses were overdue.  However, Plaintiff refused a request for an extension of time and took the

14  position Wrhel's requests for admissions were already deemed admitted.  Wrhel argues that the Plaintiff

15  filed the motion without attempting to comply with the requirements to meet and confer in good faith to

16  avoid this discovery dispute without court action.  The motion to compel did not contain a statement

17  required by LR 26-7(b) certifying that, after personal consultation and sincere effort to do so, counsel

18  was unable to resolve the matter without court intervention.  The court should therefore deny Plaintiffs'

19  request for fees.

20       Plaintiffs reply that Hale has been dilatory in complying with his discovery obligations.

21  Plaintiffs' counsel circulated a draft stipulated protective order December 5, 2011, which was signed by

22  counsel for Hale.  However, Wrhel's counsel did not return a signed stipulated protective order until

23  January 18, 2012, a day after Wrhel's discovery responses were due.  The protective order was returned

24  along with an e-mail request reiterating the request for an extension.

25       Having reviewed and considered the moving and responsive papers the court finds Plaintiffs

26  should be awarded reasonable attorney's fees for the necessity of filing the motion.  Plaintiffs served the

27  discovery at issue in the motion to compel by hand-delivery on local counsel, Jason J. Bach of the Bach

28  Law Firm, and mailed a copy to Wrhel's California counsel, Art Corona, December 15, 2011.  Mr.

Nazif is a lawyer in the same California law firm as Mr. Corona.  Both Mr. Corona and Mr. Nasif filed

3

1  applications to appear pro hac vice and their applications were approved by the district judge December

2  9, 2011 (Dkt. #32, 33).  These counsel were admitted to this case before the discovery at issue was

3  served.  Additionally, counsel's representation that they were not aware written discovery requests had

4  been served until January 18, 2012, the day after the responses were due, is belied by the certificate of

5  service attached to the requests indicating they were served on Art Corona by mail December 15, 2011.

6  Wrhel offers no explanation for why California counsel failed to respond to the discovery requests or

7  timely request an extension to respond.  Former local counsel requested an extension after the deadline

8  for serving responses had run asserting that he had lost contact with Mr. Wrhel.  After the discovery

9  responses were overdue, counsel for Plaintiff refused to consider any extension, but did agree that a

10  motion to compel would not be filed if the discovery responses were received by February 3, 2012.

11       If counsel for Plaintiffs had denied a reasonable request for an extension to serve these

12  discovery responses, the court would not be awarding sanctions.  "Obstructive refusal to make

13  reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the

14  practice of law, but also needlessly increases litigation expenses to clients."  *Hauser v. Farrell*, 14 F.3d.

15  1338, 1344 (9th Cir. 19940.  However, at the time this motion to compel was filed, the discovery plan

16  and scheduling order established a March 20, 2012, discovery cutoff.  Wrhel served discovery

17  responses by mail nearly two months late, on March 14, 2012.  At the time this motion to compel was

18  filed, Wrhel had not served discovery responses.  More importantly, counsel for Wrhel had not

19  provided Plaintiffs' counsel with a date he could expect the responses.

20       Rule 37(a)(5) provides that if discovery is provided after a motion to compel is granted, or if

21  discovery disclosures are provided after the motion was filed, the court must, after giving an

22  opportunity to be heard, require the party necessitating the motion to pay the movant's reasonable

23  expenses incurred in making the motion, including attorney's fees.  Expenses are not appropriate,

24  however, if (1) the movant filed the motion before attempting to resolve the matter in good faith

25  without court action; (2) the opposing party's non-disclosure, response or objection was substantially

26  justified; or (3) other circumstances make an award of expenses unjust.  Rule 37(a)(5)(A).

27       This court requires strict adherence to the meet-and-confer obligations of parties before filing

28  discovery motions.  However, when a party from whom discovery is sought simply does not respond,

and gives no indication of when responses to overdue discovery requests can be expected, there is little

to meet and confer about.  Wrhel has not established that his failure to disclose was substantially justified, or that other circumstances make an award of expenses unjust.  Wrhel filed a request to substitute attorneys January 20, 2012, to substitute Sy Nazif in place of Jason Bach.  The court granted the substitution.  However, Mr. Corona and Mr. Bach had already been granted leave to appear pro hac vice on behalf of Wrhel, and Mr. Corona had been served with the discovery requests at issue in the motion to compel on December 15, 2011.  Wrhel has not established that he could not respond to the discovery requests without the file in the possession of the Bach firm subject to a retaining lien.  He did not respond to Plaintiffs' assertion that the initial request for extension was requested because Wrhel failed to keep in contact with former local counsel, the Bach firm.  Wrhel does not contest the reasonableness of the amount of time spent preparing the motion to compel or the hourly rate sought. Under these circumstances, the court will grant Plaintiffs' request for attorney's fees at the rate of $275/hr. for 4.5 hours spent, but deny the request for .4 hours reviewing the court's order following the motion to compel.

**IT IS ORDERED** that:

1.  Plaintiffs shall have 14 days from entry of this order in which to produce or make available for inspection and copying financial documents subject to the court's prior order to compel which have been listed on Plaintiffs' privilege log.  Plaintiffs may, however, produce the documents and mark them "Highly Confidential: Attorney's Eyes Only" as provided in Paragraph 2 of this order.

2.  Plaintiffs may designate documents "Highly Confidential: Attorney's Eyes Only", only to the extent Plaintiffs believe that certain protected information is so sensitive that its dissemination deserves further limitation.  Examples of highly confidential, attorney's eyes only include non-public financial information, customer lists, business and/or marketing plans, price lists, pricing information, and information obtained from a non-party pursuant to a non-disclosure agreement.

3.  Information designated as "Highly Confidential: Attorney's Eyes Only" may be disclosed to:

    a.  outside counsel that is providing active assistance with pending litigation, and to the professionals and staff employed by outside counsel assisting in the litigation;

b.      any retained consultant or testifying expert retained by, or at the direction of outside counsel, for the purpose of assisting with the pending litigation, provided that such consultant or experts signs the Acknowledgment and Non-Disclosure Agreement attached to the court's original Protective Order governing confidentiality of documents (Dkt. #48);

c.      any certified court reporters or videographers retained by, or at the direction of outside counsel for the purpose of documenting and maintaining a record of witness testimony;

d.      any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all protected information designated as such under this order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this order and the original Protective Order (Dkt. #48), and that any notes or transcription of such testimony and accompanying exhibits will be retained securely by the reporter or delivered to counsel of record.

4.      This order shall not preclude or impede outside counsel's ability to communicate with or advise his/her client based on his/her review and evaluation of information produced by Plaintiffs as "Highly Confidential: Attorney's Eyes Only" provided that such communications or advice shall not disclose or reveal the protected information itself.

5.      If the Defendants, at any time, wish to have the "Highly Confidential, Attorney's Eyes Only" designation of any particular document, information or witness testimony removed or changed, counsel shall first request in writing that the Plaintiffs remove the designation.  The party challenging the designation and Plaintiffs' counsel shall meet and confer in a good-faith effort to resolve the dispute without the court's intervention. If Plaintiffs refuse to agree to remove or change the designation, the party challenging the designation may move the court for an order removing or changing the designation. However, the Plaintiffs shall have the burden of proving that each particular document designated as "Highly Confidential: Attorney's Eyes Only" was properly designated.

6.      In the event of a dispute about whether documents were appropriately designated "Highly Confidential: Attorney's Eyes Only" the parties shall treat the documents as

highly confidential, attorney's eyes only until further order of the court.

7.   Plaintiffs' request for attorneys fees incurred for the necessity of filing a motion to compel against Wrhel is **GRANTED**, and attorney's fees and costs are awarded for 4.5 hours in time at the rate of $275/hr., for a total of $**1,237.50**, for the necessity of filing the motion.

8.   The parties' request for an extension of the discovery plan and scheduling order deadlines is granted and the following dates shall apply:

    a.   Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **June 4, 2012.**

    b.   Last date to disclose rebuttal experts: **July 6, 2012.**

    c.   Last date to complete discovery: **August 6, 2012.**

    d.   Last date to file dispositive motions: **September 4, 2012.**

    e.   Last date to file joint pretrial order: **October 5, 2012.**  In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions.  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

9.   Applications to extend any dates set by this discovery plan and scheduling order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend discovery shall be received no later than **4:00 p.m., July 16, 2012,** and shall fully comply with the requirements of LR 26-4.

Dated this 8th day of May, 2012.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE